**UNION CAMP CORPORATION, Plaintiff,**

v.

**MW EQUIPMENT CORPORATION, Defendant.**

No. 88–C–283.

United States District Court, E.D. Wisconsin.

May 4, 1989.

Cook & Franke by Heidi E. Ling and Kevin J. Lyons, Milwaukee, Wis., for plaintiff.

Roth & Binn by David L. Danner and Robert Roth, Brookfield, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In its amended complaint, the plaintiff, Union Camp Corporation, (Union Camp), alleges that the defendants, MW Equipment Corporation (MW Equipment) and Mills–Winfield Engineering Sales, Inc. (Mills–Winfield) are jointly and severally liable for (1) breach of contract; (2) breach of the implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) misrepresentation; (5) conversion and unjust enrichment;

(6) interference with contractual relations; and (7) willful and wanton conduct. The plaintiff has moved for partial summary judgment; it also seeks an order piercing the corporate veil of MW Equipment.

Comprehensive briefs and extensive submissions of affidavits and portions of depositions have been filed in connection with the plaintiff's motion. I find that Union Camp is entitled to judgment for damages as a matter of law, but I will not award prejudgment interest. Also, the court will deny the plaintiff's request to disregard MW Equipment's corporate status. Defendant Mills–Winfield has filed a cross motion for summary judgment seeking dismissal as a party; the motion will be granted.

Summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure.

In presenting its motion for partial summary judgment, Union Camp does not specify the claim to which its motion is directed but contends that it is entitled to a refund of the monies paid for the packaging system and for the bag stabilizer (totalling $49,040.00) on the theory that to do otherwise would unjustly enrich the defendant. Alternatively, Union Camp maintains that MW Equipment is guilty of conversion. Accordingly, the court construes the motion as seeking judgment on plaintiff's claim number 5 which is entitled, "conversion and unjust enrichment."

Generally, the concept of unjust enrichment arises in quasi-contract situations, and the remedy is based upon quantum merit. "A quasi-contract is not a contract at all, but a duty thrust under certain conditions upon party to reimburse another party in order to avoid the first party's unjust enrichment." *Lirtzman v. Fuqua Industries, Inc.*, 677 F.2d 548 (7th Cir. 1982).

A *quantum meruit* recovery prevents unjust enrichment. "Generally, in order to recover on a quasi-contractual claim, the plaintiff must show that the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should make restitution."

*Overseas Development Disc Corp. v. Sangamo Construction Co. Inc.*, 840 F.2d 1319, 1325 (7th Cir.1988) (quoting) *Lirtzman v. Fuqua Industries, Inc.*, 677 F.2d 548, 553 (7th Cir.1982).

■ Union Camp points to the following undisputed facts: MW Equipment supplied an automated packaging system to Union Camp. Union Camp made a partial payment to MW Equipment in the amount of $42,490.00. Additionally, Union Camp purchased a component part, a bag stabilizer, from another manufacturer for $6,550.00. After the delivery of the system, Union Camp and MW Equipment worked for several months to eliminate certain problems with the system. The endeavors were unsuccessful, and MW Equipment decided to remove the system. Union Camp made no objection to the removal of the equipment but claims it was surprised by the decision. In the course of the removal, MW Equipment also took the bag stabilizer. Union Camp seeks a judgment in the amount of $49,040.00, which is equal to the amount of the partial payment plus the price paid for the bag stabilizer.

Based on the undisputed facts, the court is persuaded that the plaintiff has amply met its burden of proving that the defendant MW Equipment retained the benefit of the partial payment and the bag stabilizer without justification, and such defendant is unjustly enriched. The cases and argument posed by the defendant do not defeat the plaintiff's claim based on quasi-contract.

■ Union Camp seeks an award of prejudgment interest to be calculated from October 9, 1987, to the present. The request will be denied.

Prejudgment interest is a form of compensation and the decision to award prejudgment interest rests in the sound discretion of the district court. That decision requires a balancing of the equities

between the parties under the circumstances of the particular case. *Michaels v. Michaels*, 767 F.2d 1185, 1204 (7th Cir.1985) (citations omitted).

"The purpose of prejudgment interest is to compensate plaintiffs for the lost time value of money." *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1243 (7th Cir.1988). In Wisconsin, "[p]reverdict interest is recoverable only on damages that are either liquidated or liquidable. In order to recover interest there must be a fixed and determinate amount which could have tendered and interest thereby stopped." *Imark Industries, Inc. v. Arthur Young & Co.*, 141 Wis.2d 114, 138, 414 N.W.2d 57 (Ct.App. 1987).

In the case at bar, the fixed and determinate amount is the amount of the partial payment plus the price of the bag stabilizer. It is undisputed that on February 9, 1988, February 21, 1988, and February 26, 1988, MW Equipment, through its directors, offered to return this sum total to Union Camp in three equal payments spread out over ninety days. (Exhibit 7, Affidavit of Union Camp corporate legal counsel). This offer was not accepted by Union Camp. I am persuaded that Union Camp's actions in this regard contributed to the lost time value of the money and that it should not now be able to recoup any prejudgment interest.

■ Union Camp has also sought an order piercing the corporate veil of the defendant, MW Equipment. Generally, disregarding the corporate fiction allows a creditor to reach the corporation's individual investors. Union Camp seeks an order piercing the corporate veil separating MW Equipment and Mills–Winfield and finding that the assets and liabilities of one are the assets and liabilities of the other. In order to prevail, Union Camp must "bear the burden of establishing that [MW Equipment] was so controlled and manipulated that it had become the mere instrumentality of [Mills–Winfield], and furthermore, that misuse of the corporate form would sanction a fraud or promote injustice." *Chicago Florsheim Shoe Store v. Cluett, Peabody & Co.*, 826 F.2d 725, 728 (7th Cir.1987); *see also CM Corporation v. Oberer Development Co.*, 631 F.2d 536, 538 (7th Cir.1980).

The plaintiff has demonstrated that the two corporations have common directors and shareholders, but the plaintiff has wholly failed to present any evidence of fraud or injustice. The corporate veil may not be pierced when the moving party fails to prove an essential element. *CM Corporation, supra*, at 538. The plaintiff has offered no proof that MW Equipment was undercapitalized or was set up to insulate Mills–Winfield from the risks of a single venture. The plaintiff's suggestions that MW Equipment might not be able to satisfy a judgment, may have no assets and could be near bankruptcy are inadequate to establish that injustice would result by the court's recognizing the independent corporate existence of MW Equipment.

Mills–Winfield has moved for an order dismissing it as a party on the grounds that no privity exists between it and MW Equipment and that there has been no showing that MW Equipment was acting as Mills–Winfield's alter ego. Union Camp has not argued or alleged that Mills–Winfield had a direct connection to the transaction between MW Equipment and Union Camp. In addition, Union Camp has been unable to support its alter-ego theory. I conclude that Mills–Winfield should be dismissed from this action.

Therefore, IT IS ORDERED that Union Camp's motion for partial summary judgment on its claim for unjust enrichment and conversion be and hereby is granted.

IT IS ALSO ORDERED that the clerk shall enter a judgment in favor of Union Camp and against MW Equipment in the amount of $49,040.00.

IT IS FURTHER ORDERED that Union Camp's motion for prejudgment interest be and hereby is denied.

IT IS FURTHER ORDERED that Union Camp's motion to pierce the corporate veil of MW Equipment be and hereby is denied.

IT IS FURTHER ORDERED that the defendant Mills–Winfield's cross motion for

summary judgment dismissing it as a party be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action against the defendant, Mills–Winfield, be and hereby is dismissed, with prejudice.